HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA OSMUN KENNEDY,

        Petitioner,

  v.

UNITED STATES,

        Respondent.

CASE NO. C12-1088RAJ

ORDER

    This matter comes before the court on a motion calendar it created to address petitioner's motion invoking 28 U.S.C. § 2255.  Petitioner argues that he was denied his right to the effective assistance of counsel when trial counsel failed to move to suppress evidence seized in violation of the Fourth Amendment.

    On November 9 2007, petitioner took a flight from Mexico to Seattle.  CR08-354RAJ, Dkt. # 160, 8/25/2009 Tr. at 5-6.  When he arrived at Sea-Tac airport, Border patrol Agent Murphy referred Kennedy to a secondary inspection to further inspect petitioner's bags.  *Id.* at 23-24.  Agent Murphy made this decision based on the fact that petitioner's travel itinerary indicated that he had been to Colombia and Panama, and Colombia is a source country for narcotics.  *Id.* at 23.  Agent Murphy searched his baggage, and removed his laptop.  *Id.* at 24-25.  Agent Murphy opened the laptop,

powered it up, noticed .jpg files on the desktop, and viewed various .jpg images for approximately 30 minutes. *Id.* at 12-13, 26-27. Agent Murphy observed images of what he believed to be an underage female in different sexual positions. *Id.* at 14-15. He believed the female depicted was a minor because of the lack of pubic hair, underdeveloped breasts, and an "underage-looking face," and he believed "what [he] was looking at was child porn." *Id.* at 14. Agent Murphy then conferred with his supervisor, who ordered him to contact Immigration and Customs Enforcement ("ICE"). *Id.* at 15. Agent Murphy spoke with ICE Agent Tran, who asked him to detain the computer. *Id.* at 15-16, 31. Agent Murphy put the computer in an evidence bag and placed it in an evidence locker at the airport. *Id.* at 17.

On the next business day, November 13, 2007,[1] Agent Tran picked up the laptop from the evidence locker and transported it to the ICE office in Seattle. *Id.* at 33-34. ICE Special Agent Michael Wawrzycki received the laptop from Agent Tran, and conducted a forensic preview to look at the contents of the hard drive without making any changes to the hard drive. *Id.* at 54-55. Upon viewing the images, Agent Wawrzycki "immediately recognized approximately six images of child pornography[,]" which "had very young people in them, females or males, described as very little or no breast development, no pubic hair, very, very slight in stature compared to an adult that may have been in the photo." *Id.* at 55-56. After seeing these images, Agent Wawrzycki "immediately halted the preview process and notified [his] direct supervisor as well as the case agent and began the process of an affidavit for a search warrant[,]" which was granted within the week. *Id.* at 56. After a full examination of the computer pursuant to the search warrant, agents recovered numerous images of children subjected to sex acts. *Id.* at 78-79, 82-83, 99-100.

---

[1] Petitioner arrived on Friday, November 9, 2007, in the evening, and Monday, November 12 was a federal holiday. Accordingly, November 13 was the next business day after the computer was detained.

On August 27, 2009, a jury found petitioner guilty of one count of possession of child pornography and one count of transportation of child pornography. CR08-354RAJ, Dkt. # 120. On February 19, 2010, the court sentenced petitioner to a sixty-month term of imprisonment. *Id.*, Dkt. # 130. Petitioner successfully appealed this court's restitution order, and subsequently filed the pending section 2255 petition.

To prevail on his section 2255 motion based on ineffective assistance of counsel, petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced from the inadequate performance. *Strickland v. Wash.*, 466 U.S. 668, 687 (1984). The first requires defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The second "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Petitioner relies on *United States v. Cotterman*, 709 F.3d 952 (9th Cir. 2013) (en banc). In *Cotterman*, the Ninth Circuit confirmed that a simple border search of a laptop to review images is reasonable without particularized suspicion:

> The broad contours of the scope of searches at our international borders are rooted in the long-standing right of the sovereign to protect itself by stopping and examining persons and property crossing into this country. Thus, border searches form a narrow exception to the Fourth Amendment prohibition against warrantless searches without probable cause. Because the Government's interest in preventing the entry of unwanted persons and effects is at its zenith at the international border, border searches are generally deemed reasonable simply by virtue of the fact that they occur at the border.
>
> This does not mean, however, that at the border anything goes. Even at the border, individual privacy rights are not abandoned but balanced against the sovereign's interests. That balance is qualitatively different than in the interior and is struck much more favorably to the Government. Nonetheless, the touchstone of the Fourth Amendment analysis remains reasonableness. The reasonableness of a search or seizure depends on the

> totality of the circumstances, including the scope and duration of the deprivation.

*Id.* at 960 (internal quotations, brackets, ellipsis, and citations omitted).  The court then concluded that in view of these principles, the legitimacy of the initial search of Cotterman's electronic devices at the border was not in doubt where the officer turned on the device and opened and viewed image files.  *Id.*  The court reasoned that such a search was akin to the search in *Seljan*, where the court concluded that a suspicionless cursory scan of a package in international transit was not unreasonable.  *Id.* (citing *United States v. Seljan*, 547 F.3d 993, 1004 (9th Cir. 2008) (en banc)).  The court also noted that it had previously approved a quick look and unintrusive search of laptops.  *Id.* (citing *United States v. Arnold*, 533 F.3d 1003, 1009 (9th Cir. 2008)).

The court finds that Agent Murphy's search of petitioner's laptop at the border is exactly the type of reasonable, unintrusive search that does not require particularized suspicion that the Ninth Circuit has approved.  Additionally, although trial counsel indicates that he did not consider the question of whether the government needed reasonable suspicion to remove the laptop from the airport for a forensic examination, the legal authority available at that time did not contemplate reasonable suspicion for customs officials to search a laptop or other personal electronic storage devices at the border.  *Arnold*, 533 F.3d at 1008; *see U.S. v. Flores-Montano*, 541 U.S. 149, 155-56 (2004) ("Government's authority to conduct suspicionless inspections at the border includes the authority to remove, disassemble, and reassemble a vehicle's fuel tank.  While it may be true that some searches of property are so destructive as to require a different result, this was not one of them.").  Absent legal authority supporting the position that reasonable suspicion was necessary to perform a forensic examination, the court finds that trial counsel's performance was reasonable.  Accordingly, petitioner's counsel decision not to file a motion to suppress Agent Murphy's border search of the laptop was objectively reasonable.

With respect to the forensic examination, *Cotterman* concluded that the challenged forensic search of Cotterman's digital devices that were detained at the border and moved offsite for the forensic examination days later was a functional border search, not an extended border search because Cotterman never regained possession of his laptop. *Cotterman*, 709 F.3d at 961-62. The court concluded that a forensic examination of electronic devices at the border requires reasonable suspicion. *Id.* at 966. "Reasonable suspicion is defined as 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Id.* at 968.

Here, Agent Murphy viewed several images of what appeared to be a minor female in sexual positions and exposing her genitalia. The female's physical characteristics, including the lack of pubic hair, underdeveloped breasts, and youthful face, as well as the sexually explicit nature of the images led Officer Murphy to reasonably conclude that he was viewing possible child pornography. These facts demonstrate a particularized and objective basis for suspecting that petitioner was involved in possession of child pornography, a crime. Agent Murphy detained the laptop, and communicated his observations to ICE agents who conducted the forensic examination on the next business day at a field office. The court finds that the forensic search was a functional border search, not an extended border search, and that, based on Agent Murphy's observations of the images, the ICE agents had reasonable suspicion to conduct the forensic examination of his computer.

Accordingly, petitioner's counsel's decision not to file a motion to suppress the forensic search of petitioner's laptop was objectively reasonable.

Petitioner has not demonstrated that he is entitled to relief under section 2255. For the reasons stated herein, the court DENIES petitioner's § 2255 motion and directs the clerk to DISMISS this action and enter judgment for respondent.

1    Because the court finds that reasonable jurists would not debate the resolution of
2 this motion, the court declines to issue a certificate of appealability.  *See* Fed. R.
3 Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
4    Dated this 11th day of March, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 6